UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JAMES ERNEST DICKERSON,

    Plaintiff,

v.

CAROL PORTER,

    Defendant.

Case No. C06-5293RJB

REPORT AND RECOMMENDATION

**NOTED FOR:**
**September 22nd, 2006**

    This civil rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. § 636(b)(1)(B). The Court has screened this complaint and recommends the complaint be dismissed prior to service. Plaintiff admits in the complaint that this issue has not been exhausted through the grievance process. (Dkt. # 1).

    Plaintiff names the superintendent of a Washington State Department of Correction facility. He specifically indicates he did not file a grievance regarding the claims in his complaint. (Dkt. # 1). The complaint alleges petitioner was placed in segregation in retaliation for his filing a habeas corpus action. He alleges this placement deprived him of access to courts on his habeas corpus petition. (Dkt. # 1). Petitioner also indicates a subsequent transfer to the Airway Heights Correction Center was retaliatory. (Dkt. # 1).

## DISCUSSION

    The Prison Litigation Reform Act ("PLRA") requires exhaustion of administrative remedies prior

to filing a complaint in federal court. The relevant portion of the act states:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

Here, plaintiff filed this action while incarcerated and the act applies to him. The United States Supreme Court determined that Congress enacted the provision in order to reduce the quantity and improve the quality of prisoner suits. Porter v. Nussle, 534 U.S. 516 (2002). By mandating exhaustion, Congress enabled corrections officials to address prisoner complaints internally. Where exhaustion was once discretionary, it is now mandatory. "All 'available' remedies must now be exhausted; those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.'" Porter v. Nussle, 534 U.S. 516 (2002) (quoting Booth v. Churner, 532 U.S. 731, 739 (2001)). The Porter Court ruled that "§ 1997e(a)'s exhaustion requirement applies to all prisoners seeking redress for prison circumstances or occurrences." Porter, 534 U.S. at 520.

Plaintiff admits in the complaint that he has failed to exhaust available remedies prior to filing this action. (Dkt. # 1). Accordingly, his claims against defendant Porter must be **DISMISSED WITHOUT PREJUDICE**. A proposed order accompanies this Report and Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **September 22nd, 2006**, as noted in the caption.

DATED this 28th day of August, 2006.

/S/ *J. Kelley Arnold*
J. Kelley Arnold
United States Magistrate Judge